IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEREK HALL, # 40992-037 | : |
| v. | : CIVIL ACTION NO. WDQ-06-765 |
| UNITED STATES OF AMERICA | : |

**MEMORANDUM**

Before the Court is an application for relief from federal firearms disability filed by Derek Hall, a federal prisoner incarcerated at the Federal Correctional Institution in Cumberland, Maryland.[1] The Court will dismiss the petition for lack of jurisdiction.[2]

Federal law prohibits convicted felons from possessing firearms. The Attorney General of the United States is authorized to reinstate a convicted felon's firearm privileges if it is established that the applicant will not act in a "manner dangerous to public safety" and reinstatement would not be "contrary to public interest." *See* 18 U.S.C. § 925(c). The Attorney General has delegated the authority to reinstate firearm rights and privileges to the United States Bureau of Alcohol Tobacco and Firearms (ATF). *See* 27 C.F.R. §§ 478.11. An application for such relief must be filed with the Director of the ATF. *See* 27 C.F.R. § 478.144 (b).

Upon denial of an application, the statute provides that an applicant may seek review in a

---

[1] On June 13, 2004, the Court sentenced Hall to a total of 60 months incarceration after he pleaded guilty to destruction of property by fire in violation of 18 U.S.C. § 844(i). *See* Criminal Action WDQ-03-464 (D. Md.).

[2] By order signed on August 11, 2006, the Court directed Plaintiff to submit the civil filing fee or move for leave to proceed in forma pauperis. The Court also directed the United States Attorney for the District of Maryland to file an Answer within sixty days. Upon further review of the application, and for the reasons stated in the instant Memorandum, the August 11, 2006, Order will be vacated.

United States district court. *See United States v. Bean*, 537 U.S. 71, 74 (2002) (citing 18 U.S.C. § 935(c)). A district court cannot grant relief absent an antecedent actual denial by ATF. *See id*. at 78. [3]

Hall neither asserts nor provides proof that his application was denied by the ATF. Consequently, this Court does not have jurisdiction to review the instant petition, and his application for firearms disability relief will be dismissed for lack of jurisdiction. A separate Order follows.

August 24, 2006                               /s/
Date                                       William D. Quarles, Jr.
                                            United States District Judge

---

[3] In *Bean*, the Supreme Court noted that Congress has denied funding for the ATF to investigate and act upon applications for relief from federal firearm disabilities since 1992. *See Bean,* 537 U.S. at 74. Inaction by ATF does not amount to a "denial" within the meaning of Section 925(c). *See id.* at 74. An actual decision by ATF on an application is a prerequisite for judicial review. *See id.* at 78. Since *Bean*, Congress has continued to bar such funding. *See* Consolidated Appropriations Act, 2005, Pub. L. 108-477, 118 Stat. 2859; Consolidated Appropriations Act, 2004, Pub. Law 108-199, 118 Stat. 53; Consolidated Appropriations Act, 2003, Pub. Law. 108-7, 117 Stat. 433.